IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>AZTECA RESTUARANTE MEXICANO, INC., an Ohio Corporation; and SALVADOR ALATORRE, an individual,<br><br>Defendants. | Civil Action File<br><br>5:17-cv-1944 |

COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Azteca Restaurante Mexicano, Inc., an Ohio corporation, and Salvador Alatorre, an individual (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the FLSA"), pursuant to Section 17 of the FLSA, 29 U.S.C. § 217; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**DEFENDANTS**

a. Defendant Azteca Restaurante Mexicano, Inc. ("Azteca") is an Ohio corporation incorporated in 1999 and engaged in business as a full service restaurant. At all times hereinafter mentioned, it had a primary place of business at 1779 East Market St., Akron OH 44311, in Summit County within this court's jurisdiction. It is, and at all times

    hereinafter mentioned was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

b. Defendant Salvador Alatorre ("Alatorre"), an individual, resides at 857 Belden Ave., Akron, OH 44310, in Summit County within this court's jurisdiction. Alatorre is, and at all times hereinafter mentioned was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Alatorre is a 33% shareholder of Azteca, and actively supervised the day-to-day operations and management of Azteca in relation to its employees, including but not limited to determining employees' compensation. Alatorre acted directly or indirectly in the interest of Azteca in relation to its employees.

# I

a. Jurisdiction is conferred upon the Court by FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. § 1345.

b. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Azteca had a primary place of business in this Judicial District and Alatorre resides in this Judicial District.

# II

a. At all times hereinafter mentioned, Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 213(r).

b. At all times hereinafter mentioned, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## III

a. Defendants violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2), by employing some of their employees in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for wages at rates less than $7.25 per hour for workweeks from January 1, 2014 through November 6, 2016.

## IV

a. Defendants violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed for workweeks from January 1, 2014 through November 6, 2016.

## V

a. Defendants, employers subject to the provisions of the FLSA, violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c), 215(a)(5) in that they failed to

make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the number of hours worked each week and identifying information for the workers.

## VI

a. During the period since January 1, 2014, Defendants have violated the aforesaid provisions of the FLSA. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the FLSA is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from violating provisions of § 15 of the FLSA, 29 U.S.C. § 215; and

B. For an Order:
   1. pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due

their employees listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

2. pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order granting such other and further relief as may be necessary and appropriate.

DATE: September 14, 2017

_____
**ADAM LUBOW (NY #4631412)**
Attorney for Complainant
U.S. Department of Labor
1240 E. 9th St. Rm. 881
Cleveland, Ohio 44199
(216)522-3876
CHRISTINE Z. HERI
Regional Solicitor
BENJAMIN T. CHINNI
Associate Regional Solicitor
MAUREEN CAFFERKEY
Counsel for Wage and Hour