IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

    v.

AZTECA RESTUARANTE MEXICANO, INC., an Ohio Corporation; and SALVADOR ALATORRE, an individual,

    Defendants.

Civil Action File

No. 5: 17-cv-1944

## CONSENT ORDER AND JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, having filed his complaint and Defendants, Azteca Restaurante Mexicano, Inc. and Salvador Alatorre ("Defendants"), appearing with counsel, waive service of process and answer, admit to the jurisdiction of this Court over them and the subject matter of this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq., hereafter the "FLSA."

Defendants hereby admit and the Court finds that corporate defendant Azteca Restaurante Mexicano, Inc. is and, at all times hereafter mentioned, was an enterprise engaged in commerce within the meaning of Sections 3(r) and (s)(1)(A) of the FLSA, 29 U.S.C. §§ 203(r), 203(s)(1)(A).

Defendants hereby admit and the Court finds that individual defendant Salvador Alatorre is and, at all times hereafter mentioned, was an individual "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**NOW**, therefore upon motion of attorneys for Plaintiff and Defendants, and for cause shown, it is hereby:

**ORDERED AND JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c), 217 as follows:

**I**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the FLSA, 29 U.S.C. § 217 that the Defendants, their officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

(a) Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable minimum wage of $7.25 under the FLSA (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

(b) Defendants shall not, contrary to sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

(c) Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c) and found in 29 C.F.R. Part 516.

II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Plaintiff and against the Defendants in the total amount of $118,353.82, for which execution may issue, as follows:

(a) Defendants shall pay to the Plaintiff the sum of $59,176.91, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period January 1, 2014 through November 6, 2016, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(b) Defendants shall further pay to Plaintiff as liquidated damages the additional sum of $59,176.91 hereby found to be due, for the period January 1, 2014 through November 6, 2016, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

III

(a) Defendants shall pay the $118,353.82 Judgment as follows:

1. Respondents shall pay Plaintiff $20,000.00 on or before October 1, 2017.
2. Respondents shall pay Plaintiff $6000.00 on or before November 1, 2017.
3. Respondents shall pay Plaintiff $6000.00 on or before December 1, 2017.
4. Respondents shall pay Plaintiff $6000.00 on or before January 1, 2018.
5. Respondents shall pay Plaintiff $6000.00 on or before February 1, 2018.
6. Respondents shall pay Plaintiff $6000.00 on or before March 1, 2018.
7. Respondents shall pay Plaintiff $6000.00 on or before April 1, 2018.
8. Respondents shall pay Plaintiff $6000.00 on or before May 1, 2018.
9. Respondents shall pay Plaintiff $6000.00 on or before June 1, 2018.

10. Respondents shall pay Plaintiff $6000.00 on or before July 1, 2018.

11. Respondents shall pay Plaintiff $6000.00 on or before August 1, 2018.

12. Respondents shall pay Plaintiff $6000.00 on or before September 1, 2018.

13. Respondents shall pay Plaintiff $6000.00 on or before October 1, 2018.

14. Respondents shall pay Plaintiff $6000.00 on or before November 1, 2018.

15. Respondents shall pay Plaintiff $6000.00 on or before December 1, 2018.

16. Respondents shall pay Plaintiff $6000.00 on or before January 1, 2019.

17. Respondents shall pay Plaintiff $6000.00 on or before February 1, 2019.

18. Respondents shall pay Plaintiff $2353.82 on or before March 1, 2019.

(b) Each payment shall be made by Defendants sending a <u>certified check or cashier's check</u> made payable to "U.S. DOL/Wage and Hour Division" to the following address: **United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, IL 60690-2638**. Each check shall contain the case identification number, which is **1760348**.

(c) Plaintiff shall distribute the amounts referred to herein, or the proceeds thereof, to the persons named in Exhibit A (attached hereto and made a part hereof), in the amounts so indicated, less applicable deductions for employees' share of FICA, Medicare and withholding taxes, (Defendants shall be responsible for the employer's share of FICA, Medicare and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities for the employees listed on Exhibit A attached hereto) or to their estates, if that be necessary, and any amounts of unpaid minimum wage, overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the FLSA, 29

U.S.C. §216(c), be covered into the Treasury of the United States as miscellaneous receipts.

(d) Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Judgment or the FLSA.

## IV

If Defendants fail to make any payment referenced hereinabove within fifteen days from the date it is due, as required by this Court under this Judgment, the entire outstanding amount of unpaid back wages, and liquidated damages shall be immediately due and owing and shall be subject to the assessment of such interest and costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register.

## V

Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs and expenses, including, but not limited to, any and all costs and expenses referenced under the Equal Access to Justice Act, as Amended.

IT IS SO ORDERED.

Dated this __28th__ day of September, 2017.    /s/ John R. Adams

                                                              United States District Judge

Dated: September 14, 2017

For Defendants, Azteca Restaurante Mexicano, Inc. and Salvador B. Alatorre:

**LAURA M. JURCEVICH**
Perez & Morris, LLC
8000 Ravine's Edge Court, Suite 300
Columbus, OH 43235
(614) 431-1500

ljurcevich@perez-morris.com

SALVADOR ALATORRE

Dated: September 14, 2017

For Department of Labor:

**ADAM LUBOW**
Trial Attorney
U.S. Department of Labor
1240 E. 9th St. Rm. 881
Cleveland, Ohio 44199
(216)522-3876
Lubow.adam.m@dol.gov
CHRISTINE Z. HERI
Regional Solicitor
BENJAMIN T. CHINNI
Associate Regional Solicitor
MAUREEN CAFFERKEY
Counsel for Wage and Hour

## EXHIBIT A

| Name | Back Wages | Liquidated Damages | Totals |
|---|---|---|---|
| Aguilera, Sandra | $1,591.47 | $1,591.47 | $3,182.94 |
| Alvarado, Enrique | $178.86 | $178.86 | $357.72 |
| Chavez, Oscar | $8,016.67 | $8,016.67 | $16,033.34 |
| Coronado, Alfonso | $45.08 | $45.08 | $90.16 |
| Coronado, Jose Barbosa | $2,574.34 | $2,574.34 | $5,148.68 |
| Cortez, Jesus | $3,891.10 | $3,891.10 | $7,782.20 |
| Dominguez, Gabriel | $1,641.21 | $1,641.21 | $3,282.42 |
| Giron, Santiago | $13,415.65 | $13,415.65 | $26,831.30 |
| Jasso, Miguel | $9,437.30 | $9,437.30 | $18,874.60 |
| Jimenez, Margarita | $57.29 | $57.29 | $114.58 |
| Ledezma, Maria Isabel | $404.67 | $404.67 | $809.34 |
| Lopez, Rebecca | $1,708.61 | $1,708.61 | $3,417.22 |
| Navarro, Luis Bravo | $1,137.07 | $1,137.07 | $2,274.14 |
| Pinones, Luis | $472.73 | $472.73 | $945.46 |
| Placencia, Martin | $397.07 | $397.07 | $794.14 |
| Ramos, Fidel | $2,080.16 | $2,080.16 | $4,160.32 |
| Sandoval, Irene | $2,449.67 | $2,449.67 | $4,899.34 |
| Verduzco, Luis | $1,864.14 | $1,864.14 | $3,728.28 |
| Verduzco, Rocio | $1,956.03 | $1,956.03 | $3,912.06 |
| Villaldando, Jose | $2,535.03 | $2,535.03 | $5,070.06 |
| Zuniga, Francisco Javier | $3,322.76 | $3,322.76 | $6,645.52 |
| Totals | $59,176.91 | $59,176.91 | $118,353.82 |